## SHAWG v. BRUCE.

Where on a trial of a cause in the District Court, appealed from a justice of the peace, it appeared from the justice's transcript, that the action was brought on account for ninety dollars, for medical services, and that the plaintiff filed his book of original accounts, and it also appeared that the original notice had been lost after the trial before the justice ; and where the plaintiff offered in evidence his books of account, for the purpose of sustaining his action, to which the defendant objected, on the ground that there was no copy of the plaintiff's account or demand, to be found with the papers, which objection was overruled, and the evidence admitted; *Held,* That the evidence was properly admitted.

After appearance and trial before a justice of the peace, the original notice has served its office ; and, on appeal, its sufficiency or character becomes immaterial.

The nature of the cause of action, and the amount claimed, must be entered on the justice's docket; and in the absence of written petition, these entries of the justice, are the proper evidence, on appeal, of what is claimed by the plaintiff.

*Appeal from the Webster District Court.*

THIS action was commenced before a justice of the peace ; trial and judgment for plaintiff, from which defendant appealed. The justice's transcript shows, that the action was brought on account for ninety dollars, for medical services, and that plaintiff filed his book of original accounts. It also appears that the original notice was lost, after the trial before the justice. On the trial in the District Court, plaintiff offered his books of account, for the purpose of sustaining his action, to which defendant objected, for the reason that there was no copy of the plaintiff's account or demand to be found with the papers, which objection was overruled, verdict and judgment for plaintiff, and defendant appeals

*Jas. D. Templin* and *J. W. Woods,* for the appellant.

WRIGHT, C. J.—We see no good reason for disturbing this judgment. It is urged, that the original notice was not before the District Court, and that there was, therefore, nothing to show the remedy sought by plaintiff, or what was his cause of action. The answer to this is, that after appearance and trial, before the justice, such notice has served its office; and on appeal, its sufficiency or character becomes immaterial. It is to state the amount claimed, and the nature of the cause of action. These things must also be entered in the justice's docket, and in the absence of written petition, these entries of the justice, are the proper evidence of what is claimed by plaintiff. And though the original notice may have been lost or mislaid, plaintiff is not to fail in his action or appeal, if by the proper entry in the magistrate's transcript, it sufficiently appears what was the cause of action. In this case, it does appear from the justice's transcript, that the plaintiff claimed the sum of ninety dollars, for medical services, and filed his "book of accounts." No further or more specific statement appears to have been required by defendant, before the justice. On the contrary, the record discloses that a set-off and answer was filed. Under such circumstances, we think the testimony of plaintiff was properly received.                               Judgment affirmed.